IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSIE W.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 23 C 14718 |
| v. | ) |
| | ) Magistrate Judge |
| MARTIN O'MALLEY, | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Cassie W.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the decision of the Commissioner of Social Security [Doc. No. 18] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On December 30, 2020, Plaintiff filed applications for DIB and SSI, alleging disability since April 29, 2020. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on June 30, 2022. Plaintiff appeared and testified at the hearing and was represented by counsel. Vocational expert ("VE") Heather Mueller also testified.

On January 6, 2023, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 29, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: thrombosis and hemostasis disorder (post pancreatic cyst removal and splenectomy in 2018), gastritis, irritable bowel syndrome, gastroesophageal reflux disease,

2

anemia-iron deficiency, obesity, depression, and anxiety. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: can frequently (but not constantly) climb ramps or stairs, but cannot climb ladders, ropes, or scaffolds; and must avoid concentrated exposure to hazards, such as working at unprotected heights, or around dangerous moving machinery, such as a forklift. The ALJ also found that Plaintiff is able to understand, remember, and carry out instructions for simple and routine work and make decisions commensurate with this, and that she can interact frequently with supervisors and coworkers, but she should have only occasional interaction with the public.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a hair stylist or retail manager. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps one through four. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000);

*Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further

5

that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's mental RFC finding was not supported by substantial evidence; (2) the ALJ erred in assessing Plaintiff's Physical RFC; (3) the ALJ

reversibly erred in assessing the treating physician's opinion; and (4) the ALJ failed to set forth a legally sufficient symptom evaluation.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ failed to consider several moderate limitations noted in the state agency's psychological consultant's RFC evaluation. Namely, Dr. Galassi-Hudspeth found that Plaintiff had moderate limitations in (1) the ability to carry out detailed instructions; (2) the ability to maintain attention and concentration for extended periods; (3) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and (4) the ability to interact appropriately with the general public. (R. 151.) Plaintiff alleges that the ALJ did not account for all these moderate mental health limitations in the RFC and failed to explain the omission. The Court agrees.

The ALJ discussed Dr. Galassi-Hudspeth's evaluation but noted only the evaluation's assertions that Plaintiff has the RFC to perform at least 1-2 step tasks and that she should not be required to deal with the public, both of which the ALJ found unpersuasive. While the ALJ addressed the opinions pertaining to limitations (1) and (4) above, she failed to consider limitations (2) and (3). While and ALJ "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning[,]" *Warnell*, 97 F.4th at 1053, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron*, 19 F.3d at 333. Moreover, an ALJ "must

7

adequately account for limitations identified . . . in in the record." *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019).

Similarly, the ALJ included limitations (1) and (4) but did not include limitations (2) and (3) in his hypothetical questions to the VE. (R.81-83.) "The ALJ must explicitly account for all a claimant's limitations in her hypothetical, including limitations in concentration, persistence, or pace, unless the vocational expert has independently reviewed the medical record." *DeCamp*, 916 F.3d at 675. There is nothing in the record to suggest that the VE independently reviewed the medical record. As Plaintiff notes, had the ALJ included these limitations in the hypotheticals to the VE, the VE may have reached the conclusion that Plaintiff could not perform any of the step five jobs.

Defendant cites *Pavlicek v. Saul* for the proposition that because the ALJ restricted Plaintiff to simple, routine work, she adequately addressed Plaintiff's moderate limitations in concentration, persistence, or pace. 994 F.3d 777, 783 (7th Cir. 2021). But *Pavlicek* was about whether the ALJ reasonably relied on an agency consultant's assessment of the claimant's RFC where the checklist portion of the assessment rated him as "moderately" limited, but the narrative portion said he could "perform at a consistent pace particularly if is [sic] engaged in a simple, repetitive tasks [sic]." *Id.* Therefore, *Pavlicek* is inapposite. Moreover, restricting a claimant to simple, routine work does not address a claimant's ability to perform such work over a full workday. *See, e.g.*, *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021); *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that (1) the ALJ's mental RFC finding is supported by substantial evidence; (2) the ALJ correctly assesses Plaintiff's Physical RFC; (3) the ALJ correctly assesses the treating physician's opinion; and (4) the ALJ sets forth a legally sufficient symptom evaluation.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request to reverse the decision of the Commissioner of Social Security [Doc. No. 18] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 21, 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:** __October 28, 2024__

**HON. MARIA VALDEZ**
**United States Magistrate Judge**